IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LEONARD GARY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:14CV789 |
| v. | ) | 1:10CR57-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Leonard Gary Williams, a federal prisoner, brings a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:10CR57-1, Doc. #34], refiled as an Amended Motion [Doc. #40]. On April 19, 2010, Petitioner was convicted on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He was then sentenced to 66 months imprisonment on the drug charge and a consecutive 33 months imprisonment on the firearm charge. The sentence on the drug charge constituted a downward reduction from the 120-month statutory mandatory minimum sentence that applied after the filing of an

Information of Prior Conviction under 21 U.S.C. § 851.[1]  Petitioner filed no direct appeal, but did later file the present Motion [Doc. #34, #40].

Petitioner claims in his Motion that, based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the Information of Prior Conviction filed in this case pursuant to 21 U.S.C. § 851 is invalid because it is based on a state conviction that was not punishable by more than one year of imprisonment.  The Government filed a Response [Doc. #38] in which it concedes, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction would not qualify as a predicate felony conviction in light of Simmons.  In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction.

In addition, the Government affirmatively waives any statute of limitations defense that might otherwise apply to that claim.[2]  The Government thus agrees that pursuant to the § 2255 Motion, Petitioner should be resentenced without the § 851 enhancement.[3]  The

---

[1] The 33-month sentence for the firearm conviction also constituted a reduction in the 60-month statutory mandatory minimum sentence that applied to that count.  However, that sentence is not at issue in the present action.

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver.  See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[3] Thus, the Government has taken the position that Simmons applies on collateral review with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The United States Court of Appeals for the Fourth Circuit holds that Simmons does apply on collateral review for persons whose convictions under 18 U.S.C. § 922(g) are no longer valid under Simmons.  Miller v. United States, 735 F.3d 141 (4th Cir. 2013).  The Government's position in the present case would also

Court has reviewed the state court judgment reflecting Petitioner's prior conviction that was set out in the Information, and the Court notes that Petitioner's prior conviction was a Class I felony with a prior record level of III, sentenced in the presumptive range.  The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months.  See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009).  Therefore, having reached this conclusion and in light of the agreement of the Government, this Court will recommend that Petitioner's Motion be granted as to his claim that Simmons invalidated the Information of Prior Conviction, and the Court will therefore recommend that his sentence be vacated and that he be resentenced.  Counsel should be appointed to represent Petitioner at his resentencing.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #34, #40] be GRANTED as to Petitioner's claim that the Information of Prior Conviction is invalid in light of Simmons, and as such, that the Judgment [Doc. #21] be VACATED, that this matter be set for resentencing, and that counsel be appointed to represent Petitioner at resentencing.

This, the 17th day of November, 2014.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge

---

include claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons and the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), based on an enhanced range of 10 years to life, rather than the otherwise-applicable range of 5 to 40 years, and if the enhanced mandatory minimum was the basis for the sentence imposed.  The Court further notes that the Government agrees that relief should be granted in this case even though Petitioner's sentence of 66 months was below the otherwise-applicable statutory maximum of 40 years that would apply even without the enhancement.